UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CALVIN BROWN,

                Plaintiff,

v.                                    Case No. 15-cv-1191-pp
                                         USCA Case No. 17-2830

BEVERLY FELTEN, et al.,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 83)**

---

On August 4, 2017, the court granted the defendants' motions for summary judgment and dismissed his case. Dkt. No. 79. The plaintiff appealed, and is before the court requesting leave to proceed with his appeal without prepayment of the filing fee.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent, and the plaintiff has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). A party takes an appeal in "good faith" when the party seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable

1

on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, a party takes an appeal in bad faith when the appeal is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court does not find any indication that the plaintiff's appeal is not taken in good faith; therefore, the court will grant the plaintiff's motion to proceed with his appeal without prepaying the filing fee.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505.00 filing fee in advance for an appeal, he or she can request leave to proceed without prepaying the filing fee. The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the appealing party has paid the initial partial fee, the party must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court.

Based on the information the plaintiff provided to the court, it will require the plaintiff to pay an initial partial filing fee of $15.30, as well as

additional payments required under 28 U.S.C. §1915(b)(2). <u>Newlin v. Helman</u>, 123 F.3d 429, 434 (7th Cir. 1997), <u>rev'd on other grounds by</u>, <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000) and <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 83.

The court further **ORDERS** that by **October 20, 2017**, the plaintiff shall forward to the Clerk of Court **$15.30** as the initial partial filing fee in this appeal. If the plaintiff does not pay the initial partial filing fee in time for the court to receive it by that date, the court of appeals may dismiss his appeal. The plaintiff should clearly identify the payment by putting on it both the district court case number (USDC Case No. 15-cv-1191-pp) and the court of appeals case number (USCA Case No. 17-2830).

The court **ORDERS** that, after the plaintiff pays the initial filing fee, the agency having custody of the plaintiff shall collect from his prison trust account the balance of the filing fee ($489.70) by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by both the district court case number (USDC Case No. 15-cv-1191-pp) and the court of appeals case number (USCA Case No. 17-2830). If the plaintiff is transferred to another institution, county,

state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

The court will send copies of this order to the officer in charge of the agency where the inmate is confined and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated in Milwaukee, Wisconsin this 25th day of September, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**