In the

# United States Court of Appeals

### For the Seventh Circuit

No. 19-1909

UNITED STATES OF AMERICA,

                                               *Plaintiff-Appellee*,

*v.*

ORLANDO MEDINA,

                                               *Defendant-Appellant*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:15-cr-00016-PP-1 — **Pamela Pepper**, *Chief Judge.*

ARGUED FEBRUARY 12, 2020 — DECIDED AUGUST 13, 2020

Before BAUER, KANNE, and BARRETT, *Circuit Judges*.

BAUER, *Circuit Judge.* Orlando Medina was convicted of conspiracy to distribute 500 grams or more of cocaine. At a bench trial, key evidence included the testimony of police officers from Puerto Rico, four mail receipts, and the testimony of co-conspirator Rodolfo Duenas. Medina argues his conviction must be reversed because the judge should have found

this evidence lacked credibility as a matter of law. He also argues this evidence constituted false testimony and violated his due process rights. For the following reasons, we affirm.

## I. BACKGROUND

On August 19, 2014, Puerto Rico police received a tip that Medina was transporting firearms. When officers attempted to stop Medina's car, he fired gunshots and fled. Police then seized Medina's abandoned car. Upon searching the car, police found Medina's birth certificate and four mail receipts. Three receipts were for packages sent to Puerto Rico by Duenas in Milwaukee, Wisconsin.

The United States Postal Inspection Service identified suspicious packages sent from Puerto Rico to Duenas. Milwaukee-based police officers intercepted and followed a package containing cocaine and arrested Duenas once he accepted delivery. Duenas mentioned the shooting incident and stated that Medina had repeatedly shipped him cocaine from Puerto Rico.

Forensic scientists determined that the powdery substance in the intercepted package contained cocaine and that the forty small bags amounted to more than one kilogram. A print analyst found that three of the seven fingerprints inside the package matched Medina's fingerprints.

Medina was indicted with one count of conspiring to distribute 500 grams or more of cocaine. He received a bench trial, which took place in early 2018. The government's witnesses included three officers from Puerto Rico, two Milwaukee-based police officers, and Duenas. The government

also offered expert testimony identifying Medina's fingerprints. The defense moved for a judgment of acquittal after the government's case, but the court denied the motion. The parties proceeded to closing arguments.

The court found Medina guilty. The defense suggested that the fourth mail receipt—labeled as being sent from Milwaukee on August 19, 2014 at 3:25pm—could not have been in Medina's car. The judge said the receipt raised a "mystery" but dismissed the idea that it created a reasonable doubt as to the Puerto Rico officers' testimony or the receipts bearing Duenas' name. The judge stated that Duenas had a "tenuous relationship with the truth" but nevertheless, after considering the entirety of the evidence, determined his testimony helped establish the existence of a conspiracy with Medina.

## II. DISCUSSION

We review challenges to the sufficiency of the evidence in a bench trial under the same deferential standard that applies to a jury verdict: we reverse "only if we conclude, after viewing the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012). We do not reweigh evidence or reassess witness credibility and may uphold a conviction based on circumstantial evidence. *Id.*

The government had to prove beyond a reasonable doubt that Medina conspired to distribute 500 grams or more of cocaine. 21 U.S.C. § 841; 21 U.S.C. § 846. Medina seeks acquittal by challenging the credibility of witness testimony, which is particularly difficult under our deferential standard of review.

*United States v. Carraway*, 612 F.3d 642, 645 (7th Cir. 2010). Testimony lacks credibility as a matter of law only in situations where "it would have been physically impossible for the witness to observe what he described, or it was impossible under the laws of nature for those events to have occurred at all." *United States v. Conley*, 875 F.3d 391, 400 (7th Cir. 2017) (citing *United States v. Hayes*, 236 F.3d 891, 896 (7th Cir. 2001)).

Medina claims that Duenas and the testifying officers from Puerto Rico lacked credibility as a matter of law. "Credibility determinations are best handled by the trier of fact, not the appellate court," and here the judge found them to be credible after considering the entirety of the evidence. *Carraway*, 612 F.3d at 645 (citation omitted). Indeed, the judge recognized the factual discrepancies that Medina identifies and only relied on the credible portions of the testimony. Medina's arguments do not render the testimony physically impossible or otherwise unbelievable and thus cannot succeed on appeal.

Given the testimony and the corroborating physical evidence, a rational trier of fact could have easily found Medina guilty beyond a reasonable doubt. Medina would have us view all the testimony as suspicious and therefore unbelievable, but that betrays our standard of review. In viewing the evidence in the light most favorable to the prosecution, Medina's challenges fail. Medina also asks us to reverse the denial of his motion for a judgment of acquittal, but this likewise fails since the standard of review is "in essence the same as a review of the sufficiency of the evidence." *United States v. Johns*, 686 F.3d 438, 446 (7th Cir. 2012).

No. 19-1909 5

Finally, Medina raises a due process argument that he did not make to the district court, and so our review is for plain error. *United States v. Coleman*, 914 F.3d 508, 511 (7th Cir. 2019). Specifically, he contends that the government used the false testimony of Duenas and of the police officer who recovered the mail receipts. While Medina characterizes Duenas' testimony as perjury, the judge found much of it to be credible and only relied on those portions. Similarly, with regard to the officer, the judge largely credited his testimony and chose not to rely on the fourth mail receipt. Moreover, upon reviewing the record, there is little basis to infer the officer lied about discovering the receipts. Ultimately, there was no error in introducing or relying upon this evidence, and there is no likelihood that any false testimony affected the decision.

### III. CONCLUSION

We conclude that there was sufficient evidence to convict Medina of conspiracy to distribute 500 grams or more of cocaine. The judgment of the district court is AFFIRMED.

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

August 13, 2020

| Before: | WILLIAM J. BAUER, Circuit Judge |
|---|---|
| | MICHAEL S. KANNE, Circuit Judge |
| | AMY C. BARRETT, Circuit Judge |

CERTIFIED COPY

| No. 19-1909 | UNITED STATES OF AMERICA, Plaintiff - Appellee  v.  ORLANDO MEDINA, Defendant - Appellant |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:15-cr-00016-PP-1  Eastern District of Wisconsin  District Judge Pamela Pepper ||

The judgment of the District Court is **AFFIRMED** in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

September 4, 2020

To:     Gina M. Colletti
        UNITED STATES DISTRICT COURT
        Eastern District of Wisconsin
        Milwaukee , WI 53202-0000

| | |
|---|---|
| No. 19-1909 | UNITED STATES OF AMERICA, Plaintiff - Appellee <br><br> v. <br><br> ORLANDO MEDINA, Defendant - Appellant |

| **Originating Case Information:** |
|---|
| District Court No: 2:15-cr-00016-PP-1 <br> Eastern District of Wisconsin <br> District Judge Pamela Pepper |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

This notice sent to:

[]     United States Marshal            [ x ]     United States Probation Officer

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                     **Received by:**

   09/04/20                                                      s/Jelena Vekic
_____           _____

form name: **c7_Mandate**(form ID: **135**)